IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL BOATMAN,

    *Plaintiff,*

v.

KEPPLE PREMIER REAL ESTATE, LLC,
THE KEPPLE TEAM, LLC, LINDA KEPPLE,
TRICIA YOCUM, JAMES M. CORKERY,
and ANN CORKERY,

    *Defendants.*

Civil Action No.: 17-cv-1009

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff MICHAEL BOATMAN, by and through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and, for his Complaint against Defendants KEPPLE PREMIER REAL ESTATE, LLC, THE KEPPLE TEAM, LLC, LINDA KEPPLE, TRICIA YOCUM, JAMES M. CORKERY, and ANN CORKERY, hereby asserts and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff Michael Boatman ("Boatman") is an individual residing in Peoria, Illinois.

2.    On information and belief, Defendant Kepple Premier Real Estate, LLC ("KPRE") is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 12902 Georgetowne, Dunlap, Illinois, 61614.

KPRE may be served through its registered agent, Casey C. Kepple, at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614.

3. On information and belief, Defendant The Kepple Team, LLC ("TKT") is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614. TKT may be served through its registered agent, Linda P. Kepple, at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614.

4. On information and belief, Defendant Linda P. Kepple ("Kepple") is an individual residing in Peoria, Illinois. Kepple may be served at her place of business at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614. Kepple is a licensed real estate agent for Keller Williams Realty in Peoria, Illinois.

5. On information and belief, Defendant Tricia Yocum ("Yocum") is an individual residing in Peoria, Illinois. Yocum may be served at her place of business at 7555 Knoxville, Peoria, Illinois, 61614. Yocum is a licensed real estate agent for Coldwell Banker Honig-Bell in Peoria, Illinois.

6. On information and belief, Defendant James M. Corkery ("Mr. Corkery") is an individual currently residing in Chicago, Illinois. Mr. Corkery may be served at his residence in Chicago, Illinois.

7. On information and belief, Defendant Ann Corkery ("Mrs. Corkery") is an individual currently residing in Chicago, Illinois. Mrs. Corkery may be served at her residence in Chicago, Illinois.

8. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

9. This Court has personal jurisdiction over Defendants KPRE, TKT, Kepple, Yocum, Mr. Corkery, and Mrs. Corkery (together the "Defendants") by virtue of their presence in this District and their transacting, doing, and soliciting business in this District.

10. Venue is proper in this Court under 28 U.S.C. § 1400(a).

**OPERATIVE FACTS**

11. Boatman is a full-time professional photographer who, among other areas, specializes in interior architectural photography.

12. In early 2015, Mr. Corkery and Mrs. Corkery (together the "Corkerys") hired Yocum to sell the residential property located at 614 West Ravinwoods Road, Peoria, Illinois, 61615 (the "Ravinwoods House"). Yocum then hired Boatman to photograph the interior and exterior of the Ravinwoods House so that she could advertise and market the house to prospective buyers.

13. Boatman photographed the Ravinwoods House on July 15, 2015, and delivered sixty photographs (collectively the "Photographs," attached as Exhibit A) to Yocum on July 23, 2015. An example of the Photographs is shown below:



14. Along with the delivery of the Photographs to Yocum on July 23, 2015, Boatman delivered an invoice with the following license:

> Photography for locale [*sic*] Realestate [*sic*]. Photography for listing and marketing of 614 Ravenwoods Rd, a house. Usage lease expires with the listing agreement termination. No usage rights are granted until full payment is made. Nontransferable to any 3rd party for any reason without prior written consent from the author and copyright owner Mike Boatman. Mike Boatman maintains full and complete ownership of images.

15. Boatman included metadata embedded in each of the digital files of the Photographs that identified Boatman as the author and copyright owner of the Photographs, including his name, address, email address, phone number, website, and a copyright notice reading "© Mike Boatman 2015" (the "Boatman Metadata"). The DVD Boatman delivered to Yocum with the Photographs also included a hand-written copyright notice on its face, reading "© Mike Boatman 2015," identifying Boatman as the copyright owner of the Photographs.

16. Pursuant to the license from Boatman, Yocum displayed thirty-eight of Boatman's photographs on her company's listing of the Ravinwoods House.

4

17. On information and belief, the Corkerys terminated their listing agreement with Yocum and her company, Coldwell Banker Honig-Bell, in early September 2015, and hired Kepple, KPRE, and TKT (together the "Kepple Team") to list the Ravinwoods House for sale.

18. On information and belief, the Corkerys requested that the Kepple Team again use photographs by Boatman to assist in the sale of the property.

19. On or around September 9, 2015, Kepple called Boatman to inform him that the Corkerys hired the Kepple Team to list the Ravinwoods House for sale. During this call, Kepple asked Boatman to take new photographs of the Ravinwoods House for the new listing. While Kepple knew that Boatman took the photographs Yocum used in the prior listing, she had been notified when previously working with Boatman that he did not share photographs of properties with different agents.

20. During this phone call, Boatman explained to Kepple that due to recent infringement of his photographs in the local real estate market, he was no longer photographing houses or providing photographs for agents to use in listings. He also informed Kepple during this call that he was specifically concerned with requirements by the local listing service, Peoria Area Association of REALTORS ("PAAR"), that realtors transfer copyrights of uploaded photographs to PAAR even though the agents do not have authority to do so.

21. On information and belief, Kepple informed the Corkerys that Boatman was no longer providing photographs for use in real estate listings.

22. On information and belief, the Corkerys then contacted Yocum and inquired whether the Photographs could be purchased from her.

23. On information and belief, Yocum sold the Photographs to the Corkerys for $400.

5

24. On information and belief, the Corkerys then immediately sold the Photographs to Kepple for $400.

25. On or around September 15, 2016, Boatman discovered that the Kepple Team uploaded thirty-five of the Photographs to PAAR for display in the Kepple Team's listing for the Ravinwoods House. The Kepple Team's distribution to PAAR resulted in the creation and distribution of copies of thirty-five of the Photographs (the "Infringing Copies," attached as Exhibit B) without any of the Boatman Metadata, and with a large visible watermark reading "PAAR" (the "Watermark") as shown below:



26. The Kepple Team displayed the Infringing Copies on at least the following websites:

6

- http://www.kw.com/homes-for-sale/61615/IL/Peoria/614-W-RAVINWOODS-Road/3yd-PAARIL-1166457.html;
- http://idx.keppleteam.com/idx/details/listing/a122/1166457/614-W-RAVINWOODS;
- http://www.zillow.com/homes/614-West-Ravinwoods-Road,-Peoria,-Illinois-61615_rb/;
- http://www.realtor.com/realestateandhomes-detail/614-W-Ravinwoods-Rd_Peoria_IL_61615_M87009-29663;
- http://www.century21.com/property/614-w-ravinwoods-road-peoria-il-61615-REN020469394; and
- http://www.homefinder.com/IL/Peoria/614-W-Ravinwoods-Rd-126730954d.

27. The Kepple Team never identified Boatman as the author or copyright owner of the Infringing Copies.

28. Boatman is not and never has been an employee of either Coldwell Banker Honig-Bell or Yocum, and no written instrument considers or has ever considered the Photographs to be a work made for hire pursuant to 17 U.S.C § 101. Accordingly, the Photographs were not works made for hire, and the copyrights to the Photographs vested in and remain with Boatman.

29. The Photographs in perspective, orientation, positioning, lighting, and other details are entirely original, distinctive, and unique. As such, the Photographs are subject matter protectable under the Copyright Act.

30. Boatman never authorized Yocum to sell or otherwise distribute the Photographs to any third party.

31. Boatman never authorized the Corkerys to sell or otherwise distribute the Photographs to any third party.

32. Boatman never authorized the Kepple Team to reproduce, distribute, display, or make derivative works of any of the Photographs or the Infringing Copies.

33.     Boatman is and always has been the proprietor of the right, title, and interest in and to the copyrights for the Photographs. Boatman is the author and copyright owner of the Photographs pursuant to 17 U.S.C. § 201.

34.     Boatman has fully complied with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and has secured the exclusive rights and privileges in and to the copyrights for the Photographs.

35.     The Register of Copyrights for the U.S. Copyright Office issued to Boatman a Certificate of Registration for the copyrights to the Photographs, number VA 1-964-052, effective July 28, 2015, as shown as Exhibit C.

36.     On October 9, 2015, Boatman, through counsel, sent a letter by mail and email to the Kepple Team providing notice that the Infringing Copies were being displayed without authorization of Boatman or the law and presenting an offer to settle.

37.     The Kepple Team disclaimed liability and never engaged in settlement discussions.

## FIRST CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

38.     Boatman re-alleges and incorporates by reference paragraphs 1 through 37 above.

39.     Yocum did not have authorization of Boatman or the law to reproduce or distribute the Photographs.

40.     Without authorization of Boatman or the law, Yocum sold and distributed the Photographs to the Corkerys for their commercial use (collectively, the "Yocum Infringements").

41.     Yocum has not compensated Boatman for the Yocum Infringements.

42.     Yocum's conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

43.     As the Yocum Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

44.     As a direct and proximate result of her wrongful conduct, Yocum realized and continues to realize profits and other benefits rightfully belonging to Boatman for the Photographs. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

45.     In the alternative, Boatman is entitled to and seeks statutory damages for the Yocum Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

46.     The Yocum Infringements were willful and performed with knowledge that the reproduction and distribution of the Photographs was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

47.     Boatman re-alleges and incorporates by reference paragraphs 1 through 46 above.

48.     The Corkerys did not have authorization of Boatman or the law to reproduce or distribute the Photographs.

49. Without authorization of Boatman or the law, the Corkerys sold and distributed the Photographs to the Kepple Team for their commercial use (collectively, the "Corkery Infringements").

50. The Corkerys have not compensated Boatman for the Corkery Infringements.

51. The Corkerys' conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

52. As the Corkery Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

53. As a direct and proximate result of their wrongful conduct, the Corkerys realized and continue to realize profits and other benefits rightfully belonging to Boatman for the Photographs. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

54. In the alternative, Boatman is entitled to and seeks statutory damages for the Corkery Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

55. The Corkery Infringements were willful and performed with knowledge that the reproduction and distribution of the Photographs was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

### THIRD CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

56. Boatman re-alleges and incorporates by reference paragraphs 1 through 55 above.

57. The Kepple Team did not have authorization of Boatman or the law to reproduce, distribute, display, or make derivative works of the Photographs.

58. Without authorization of Boatman or the law, the Kepple Team reproduced and created derivative works of the Photographs, then distributed the Infringing Copies and caused them to be displayed on multiple websites for the commercial marketing of the Ravinwoods House (collectively, the "Kepple Infringements").

59. The Kepple Team has not compensated Boatman for the Kepple Infringements.

60. The Kepple Team's conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

61. As the Kepple Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

62. As a direct and proximate result of their wrongful conduct, the Kepple Team realized and continues to realize profits and other benefits rightfully belonging to Boatman for the Infringing Copies. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

63. In the alternative, Boatman is entitled to and seeks statutory damages for the Kepple Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

64. The Kepple Infringements were willful and performed with knowledge that the reproduction and distribution of the Infringing Copies was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

## FOURTH CAUSE OF ACTION

(False Copyright Management Information – 17 U.S.C. § 1202 *et seq.*)

65. Boatman re-alleges and incorporates by reference paragraphs 1 through 64 above.

66. The Watermark constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3), and (7).

67. The Kepple Team, without the authority of Boatman or the law, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false and distributed the Photographs with copyright management information that is false, in violation of 17 U.S.C. § 1202(a).

68. As a direct and proximate result of the Kepple Team's wrongful conduct, Boatman has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

69. Specifically, Boatman is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) for each violative act.

70. In the alternative, Boatman is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violative act, and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

## FIFTH CAUSE OF ACTION

(Removal or Alteration of Copyright Management Information – 17 U.S.C. § 1202 *et seq.*)

71. Boatman re-alleges and incorporates by reference paragraphs 1 through 70 above.

72. The Boatman Metadata constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3), and (7).

73. Upon information and belief, the Kepple Team, without the authority of Boatman or the law, intentionally removed Boatman's copyright management information and displayed and distributed the Photographs on at least six distinct and separate web sites, knowing that Boatman's copyright management information had been removed and knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

74. As a direct and proximate result of the Kepple Team's wrongful conduct, Boatman has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

75. Specifically, Boatman is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) for each act of removal and display.

76. In the alternative, Boatman is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Boatman prays that this Honorable Court:

1. Order that Yocum's unauthorized conduct violates Boatman's rights under the Federal Copyright Act at 17 U.S.C. §101 *et seq.*;

2. Order Yocum to account to Boatman for all gains, profits, and advantages derived from the unauthorized use of the Photographs;

3. Award Boatman all profits and damages from Yocum in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of Boatman's copyrights in the Photographs;

   alternatively, maximum statutory damages in the amount of $30,000 for each of the Yocum Infringements pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Alternatively, award Boatman maximum statutory damages from Yocum in the amount of $150,000 for each willful violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5. Order that the Corkerys' unauthorized conduct violates Boatman's rights under the Federal Copyright Act at 17 U.S.C. §101 *et seq.*;

6. Order the Corkerys to account to Boatman for all gains, profits, and advantages derived from the unauthorized use of the Photographs;

7. Award Boatman all profits and damages from the Corkerys in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of Boatman's copyrights in the Photographs; alternatively, maximum statutory damages in the amount of $30,000 for each of the Corkery Infringements pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

8. Alternatively, award Boatman maximum statutory damages from the Corkerys in the amount of $150,000 for each willful violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

9. Order that the Kepple Team's unauthorized conduct violates Boatman's rights under the Federal Copyright Act at 17 U.S.C. §101 *et seq.*;

10. Order the Kepple Team to account to Boatman for all gains, profits, and advantages derived from the unauthorized use of the Infringing Copies;

11. Award Boatman all profits and damages from the Kepple Team in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the infringements of Boatman's copyrights in the Infringing Copies; alternatively, maximum statutory damages in the amount of $30,000 for each of the Kepple Infringements pursuant to 17 U.S.C. § 504(c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

12. Alternatively, award Boatman maximum statutory damages from the Kepple Team in the amount of $150,000 for each willful violation of 17 U.S.C. § 106 pursuant to 17 U.S.C. § 504(c)(2), or such other amount as may be proper pursuant to 17 U.S.C. § 504;

13. Award Boatman actual damages suffered and profits for each violation of 17 U.S.C. § 1202(a) pursuant to 17 U.S.C. § 1203(c)(2) (with interest thereon at the highest legal rate); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

14. In the alternative, if Boatman so elects, award Boatman maximum statutory damages in the amount of $25,000 for each unauthorized violation of 17 U.S.C. § 1202(a) pursuant to 17 U.S.C. § 1203(c)(3)(B), or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

15. Award Boatman actual damages suffered and profits for each violation of 17 U.S.C. § 1202(b) pursuant to 17 U.S.C. § 1203(c)(2) (with interest thereon at the

highest legal rate); or such other amount as may be proper pursuant to 17 U.S.C. 1203;

16. In the alternative, if Boatman so elects, award Boatman maximum statutory damages in the amount of $25,000 for each unauthorized violation of 17 U.S.C. § 1202(b) pursuant to 17 U.S.C. § 1203(c)(3)(B), or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

17. Award Boatman his costs of litigation, reasonable attorneys' fees, and disbursements in this action pursuant to 17 U.S.C. §§ 505 and 1203;

18. Order Defendants to deliver to Boatman all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody, or control;

19. Order Defendants, their agents, and servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Boatman in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

20. For such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Boatman demands a trial by jury on all issues so triable.

Respectfully submitted, this 9th day of January, 2017.

*/s/ Matthew G. McAndrews*
Matthew G. McAndrews
Kyle D. Wallenberg

NIRO McANDREWS, LLC
200 West Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
Michael Boatman