## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL BOATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1009-JES-JEH |
| | ) | |
| KEPPLE PREMIER REAL ESTATE, LLC, | ) | Hon. Judge James E. Shadid |
| THE KEPPLE TEAM, LLC, LINDA KEPPLE, | ) | Hon. Magistrate Judge Jonathan E. Hawley |
| TRICIA YOCUM, JAMES M. CORKERY, | ) | |
| and ANN CORKERY, | ) | |
| | ) | |
| Defendants. | ) | |

## THE KEPPLE DEFENDANTS' ANSWER TO THE COMPLAINT

NOW COMES Defendants KEPPLE PREMIER REAL ESTATE, LLC, THE KEPPLE TEAM, LLC and LINDA KEPPLE (collectively, The Kepple Defendants), by their attorneys, James J. Manning and John P. Heil, Jr. of HEYL, ROYSTER, VOELKER & ALLEN, and for their Answer to the Complaint, state the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Michael Boatman ("Boatman") is an individual residing in Peoria, Illinois.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. On information and belief, Defendant Kepple Premier Real Estate, LLC ("KPRE") is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 12902 Georgetowne, Dunlap, Illinois, 61614.

KPRE may be served through its registered agent, Casey C. Kepple, at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. On information and belief, Defendant The Kepple Team, LLC ("TKT") is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614. TKT may be served through its registered agent, Linda P. Kepple, at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. On information and belief, Defendant Linda P. Kepple ("Kepple") is an individual residing in Peoria, Illinois. Kepple may be served at her place of business at 2426 W. Cornerstone Court, Suite 209, Peoria, Illinois, 61614. Kepple is a licensed real estate agent for Keller Williams Realty in Peoria, Illinois.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. On information and belief, Defendant Tricia Yocum ("Yocum") is an individual residing in Peoria, Illinois. Yocum may be served at her place of business at 7555 Knoxville, Peoria, Illinois, 61614. Yocum is a licensed real estate agent for Coldwell Banker Honig-Bell in Peoria, Illinois.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. On information and belief, Defendant James M. Corkery ("Mr. Corkery") is an individual currently residing in Chicago, Illinois. Mr. Corkery may be served at his residence in Chicago, Illinois.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. On information and belief, Defendant Ann Corkery ("Mrs. Corkery") is an individual currently residing in Chicago, Illinois. Mrs. Corkery may be served at her residence in Chicago, Illinois.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.* This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. This Court has personal jurisdiction over Defendants KPRE, TKT, Kepple, Yocum, Mr. Corkery, and Mrs. Corkery (together the "Defendants") by virtue of their presence in this District and their transacting, doing, and soliciting business in this District.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Venue is proper in this Court under 28 U.S.C. § 1400(a).

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 10 of the Complaint.

## OPERATIVE FACTS

11.     Boatman is a full-time professional photographer who, among other areas, specializes in interior architectural photography.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     In early 2015, Mr. Corkery and Mrs. Corkery (together the "Corkerys") hired Yocum to sell the residential property located at 614 West Ravinwoods Road, Peoria, Illinois, 61615 (the "Ravinwoods House"). Yocum then hired Boatman to photograph the interior and exterior of the Ravinwoods House so that she could advertise and market the house to prospective buyers.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Boatman photographed the Ravinwoods House on July 15, 2015, and delivered sixty photographs (collectively the "Photographs," attached as Exhibit A) to Yocum on July 23, 2015. An example of the Photographs is shown below:

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Along with the delivery of the Photographs to Yocum on July 23, 2015, Boatman delivered an invoice with the following license:

> Photography for locale [sic] Realestate [sic]. Photography for listing and marketing of 614 Ravenwoods Rd, a house.  Usage lease expires with the listing agreement termination.  No usage rights are granted until full payment is made. Nontransferable to any 3rd party for any reason without prior written consent from the author and copyright owner Mike Boatman.  Mike Boatman maintains full and complete ownership of images.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Boatman included metadata embedded in each of the digital files of the Photographs that identified Boatman as the author and copyright owner of the Photographs, including his name, address, email address, phone number, website, and a copyright notice reading "© Mike Boatman 2015" (the "Boatman Metadata"). The DVD Boatman delivered to Yocum with the Photographs also included a hand-written copyright notice on its face, reading "© Mike Boatman 2015," identifying Boatman as the copyright owner of the Photographs.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Pursuant to the license from Boatman, Yocum displayed thirty-eight of Boatman's photographs on her company's listing of the Ravinwoods House.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. On information and belief, the Corkerys terminated their listing agreement with Yocum and her company, Coldwell Banker Honig-Bell, in early September 2015, and hired Kepple, KPRE, and TKT (together the "Kepple Team") to list the Ravinwoods House for sale.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. On information and belief, the Corkerys requested that the Kepple Team again use photographs by Boatman to assist in the sale of the property.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     On or around September 9, 2015, Kepple called Boatman to inform him that the Corkerys hired the Kepple Team to list the Ravinwoods House for sale. During this call, Kepple asked Boatman to take new photographs of the Ravinwoods House for the new listing. While Kepple knew that Boatman took the photographs Yocum used in the prior listing, she had been notified when previously working with Boatman that he did not share photographs of properties with different agents.

**ANSWER:**     The Kepple Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     During this phone call, Boatman explained to Kepple that due to recent infringement of his photographs in the local real estate market, he was no longer photographing houses or providing photographs for agents to use in listings. He also informed Kepple during this call that he was specifically concerned with requirements by the local listing service, Peoria Area Association of REALTORS ("PAAR"), that realtors transfer copyrights of uploaded photographs to PAAR even though the agents do not have authority to do so.

**ANSWER:**     The Kepple Defendants deny each of the allegations contained in Paragraph 20 of the Complaint.

21.     On information and belief, Kepple informed the Corkerys that Boatman was no longer providing photographs for use in real estate listings.

**ANSWER:**     The Kepple Defendants admit the allegation contained in Paragraph 21 of the Complaint.

22.     On information and belief, the Corkerys then contacted Yocum and inquired whether the Photographs could be purchased from her.

**ANSWER:** The Kepple Defendants admit the allegation contained in Paragraph 22 of the Complaint.

23. On information and belief, Yocum sold the Photographs to the Corkerys for $400.

**ANSWER:** The Kepple Defendants admit the allegation contained in Paragraph 23 of the Complaint.

24. On information and belief, the Corkerys then immediately sold the Photographs to Kepple for $400.

**ANSWER:** The Kepple Defendants admit the allegation contained in Paragraph 24 of the Complaint.

25. On or around September 15, 2016, Boatman discovered that the Kepple Team uploaded thirty-five of the Photographs to PAAR for display in the Kepple Team's listing for the Ravinwoods House. The Kepple Team's distribution to PAAR resulted in the creation and distribution of copies of thirty-five of the Photographs (the "Infringing Copies," attached as Exhibit B) without any of the Boatman Metadata, and with a large visible watermark reading "PAAR" (the "Watermark") as shown below:

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint as to what Plaintiff discovered and when it was discovered, but deny any removal of Metadata or infringement of the photographs at issue.

26. The Kepple Team displayed the Infringing Copies on at least the following Websites:

- http://www.kw.com/homes-for-sale/61615/IL/Peoria?615-W-RAVINWOODS-Road/3yd-PAARIL-1166457.html;
- http://idx.keppleteam.com/idx/details/listing/a122/1166457/615-W-RAVINWOODS;
- http://www.zillow.com/homes/614-West-Ravinwoods-Road,-Peoria,-Illinois-61615_rb/;

- http://realtor.com/realestateandhomes-detail/614-W-Ravinwood-Rd_Peoria_IL_61615_M87009-29663;
- http://www.century21.com/property/614-w-ravinwoods-road-peoria-il-61615-REN020469394; and
- http://www.homefinder.com/IL/Peoria/614-W-Ravinwoods-Rd-126730954d.

**ANSWER:** The Kepple Defendants admit that certain photographs of 614 W. Ravinwoods were displayed on the websites listed in Paragraph 26 of the Complaint, but deny that any of said photographs constituted "Infringing Copies" as alleged by the Plaintiff. The Kepple Defendants further deny each of the remaining allegations contained in Paragraph 26 of the Complaint.

27.     The Kepple Team never identified Boatman as the author or copyright owner of the Infringing Copies.

**ANSWER:** The Kepple Defendants admit that they did not identify Boatman as the author or copyright owner of photographs displayed on the websites identified in Paragraph 26 above, but deny that any of said photographs constituted "Infringing Copies" as alleged by the Plaintiff. The Kepple Defendants further deny each of the remaining allegations contained in Paragraph 27 of the Complaint.

28.     Boatman is not and never has been an employee of either Coldwell Banker Honig-Bell or Yocum, and no written instrument considers or has ever considered the Photographs to be a work made for hire pursuant to 17 U.S.C. § 101. Accordingly, the Photographs were not works made for hire, and the copyrights to the Photographs vested in and remain with Boatman.

**ANSWER:** Each of the allegations contained in Paragraph 28 of the Complaint states a legal conclusion for which no answer is required. Nevertheless, and to the extent any of the allegations may be construed as factual in nature, The Kepple Defendants deny each of them.

29.     The Photographs in perspective, orientation, positioning, lighting, and other details are entirely original, distinctive, and unique. As such, the Photographs are subject matter protectable under the Copyright Act.

**ANSWER:**     The Kepple Defendants deny each of the allegations contained in Paragraph 29 of the Complaint.

30.     Boatman never authorized Yocum to sell or otherwise distribute the Photographs to any third party.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Boatman never authorized the Corkerys to sell or otherwise distribute the Photographs to any third party.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Boatman never authorized the Kepple Team to reproduce, distribute, display, or make derivative works of any of the Photographs or the Infringing Copies.

**ANSWER:**     The Kepple Defendants deny each of the allegations contained in Paragraph 32 of the Complaint.

33.     Boatman is and always has been the proprietor of the right, title, and interest in and to the copyrights for the Photographs. Boatman is the author and copyright owner of the Photographs pursuant to 17 U.S.C. § 201.

**ANSWER:**     The Kepple Defendants admit that Boatman is the author of the referenced photographs but deny the remaining allegations in Paragraph 33 of the Complaint.

34. Boatman has fully complied with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and has secured the exclusive rights and privileges in and to the copyrights for the Photographs.

**ANSWER:** Each of the allegations contained in Paragraph 34 of the Complaint states a legal conclusion for which no answer is required. Nevertheless, and to the extent any of the allegations may be construed as factual in nature, The Kepple Defendants deny each of them.

35. The Register of Copyrights for the U.S. Copyright Office issued to Boatman a Certificate of Registration for the copyrights to the Photographs, number VA 1-964-052, effective July 28, 2015, as shown as Exhibit C.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. On October 9, 2015, Boatman, through counsel, sent a letter by mail and email to the Kepple Team providing notice that the Infringing Copies were being displayed without authorization of Boatman or the law and presenting an offer to settle.

**ANSWER:** The Kepple Defendants admit that it received the referenced correspondence from Boatman's counsel but deny the remaining allegations in Paragraph 36 of the Complaint.

37. The Kepple Team disclaimed liability and never engaged in settlement discussions.

**ANSWER:** The Kepple Defendants admit the allegations contained in Paragraph 37 of the Complaint.

## FIRST CAUSE OF ACTION

### (Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

38.     Boatman re-alleges and incorporates by reference paragraphs 1 through 37 above.

**ANSWER:**     The Kepple Defendants restate their answers to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.     Yocum did not have authorization of Boatman or the law to reproduce or distribute the Photographs.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Without authorization of Boatman or the law, Yocum sold and distributed the Photographs to the Corkerys for their commercial use (collectively, the "Yocum Infringements").

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Yocum has not compensated Boatman for the Yocum Infringements.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Yocum's conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

**ANSWER:**     The Kepple Defendants deny the allegation in Paragraph 42 of the Complaint.

43. As the Yocum Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER:** The Kepple Defendants deny the allegation in Paragraph 43 of the Complaint.

44. As a direct and proximate result of her wrongful conduct, Yocum realized and continues to realize profits and other benefits rightfully belonging to Boatman for the Photographs. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint. To the extent Plaintiff intends for this paragraph to allege that he is entitled to actual damages and profits from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

45. In the alternative, Boatman is entitled to and seeks statutory damages for the Yocum Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint. To the extent Plaintiff intends for this paragraph to allege that he is entitled to statutory damages, fees, and/or costs from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

46.     The Yocum Infringements were willful and performed with knowledge that the reproduction and distribution of the Photographs was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint. To the extent Plaintiff intends for this paragraph to infer that he is entitled to enhanced statutory damages from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

## SECOND CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

47.     Boatman re-alleges and incorporates by reference paragraphs 1 through 46 above.

**ANSWER:**     The Kepple Defendants restate their answers to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     The Corkerys did not have authorization of Boatman or the law to reproduce or distribute the Photographs.

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Without authorization of Boatman or the law, the Corkerys sold and distributed the Photographs to the Kepple Team for their commercial use (collectively, the "Corkery Infringements").

**ANSWER:**     The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint

50.     The Corkerys have not compensated Boatman for the Corkery Infringements.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. The Corkerys' conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 51 of the Complaint.

52. As the Corkery Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 52 of the Complaint.

53. As a direct and proximate result of their wrongful conduct, the Corkerys realized and continue to realize profits and other benefits rightfully belonging to Boatman for the Photographs. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint. To the extent Plaintiff intends for this paragraph to allege that he is entitled to actual damages and profits from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

54. In the alternative, Boatman is entitled to and seeks statutory damages for the Corkery Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint. To the extent Plaintiff intends for this paragraph to allege that he is entitled to statutory damages, fees, and/or costs from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

55. The Corkery Infringements were willful and performed with knowledge that the reproduction and distribution of the Photographs was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

**ANSWER:** The Kepple Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint. To the extent Plaintiff intends for this paragraph to allege that he is entitled to enhanced statutory damages from The Kepple Defendants, The Kepple Defendants deny that Plaintiff is so entitled.

### THIRD CAUSE OF ACTION

(Copyright Infringement - 17 U.S.C. § 101 *et seq.*)

56. Boatman re-alleges and incorporates by reference paragraphs 1 through 55 above.

**ANSWER:** The Kepple Defendants restate their answers to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. The Kepple Team did not have authorization of Boatman or the law to reproduce, distribute, display, or make derivative works of the Photographs.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 57 of the Complaint.

58. Without authorization of Boatman or the law, the Kepple Team reproduced and created derivative works of the Photographs, then distributed the Infringing Copies and caused

them to be displayed on multiple websites for the commercial marketing of the Ravinwoods House (collectively, the "Kepple Infringements").

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 58 of the Complaint.

59. The Kepple Team has not compensated Boatman for the Kepple Infringements.

**ANSWER:** The Kepple Defendants admit that it did not compensate Boatman but deny the existence of any "Kepple Infringements."

60. The Kepple Team's conduct violates the exclusive rights belonging to Boatman as owner of the copyrights for the Photographs, including without limitation, Boatman's exclusive rights under 17 U.S.C. § 106.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 60 of the Complaint.

61. As the Kepple Infringements occurred, upon information and belief, in or about September 2015, Boatman's claims are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 61 of the Complaint.

62. As a direct and proximate result of their wrongful conduct, the Kepple Team realized and continues to realize profits and other benefits rightfully belonging to Boatman for the Infringing Copies. Accordingly, Boatman seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 62 of the Complaint.

63.     In the alternative, Boatman is entitled to and seeks statutory damages for the Kepple Infringements, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER:**     The Kepple Defendants deny each of the allegations in Paragraph 63 of the Complaint.

64.     The Kepple Infringements were willful and performed with knowledge that the reproduction and distribution of the Infringing Copies was unauthorized; Boatman is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.0 § 504(c)(2).

**ANSWER:**     The Kepple Defendants deny each of the allegations in Paragraph 64 of the Complaint.

## FOURTH CAUSE OF ACTION

(False Copyright Management Information — 17 U.S.C. § 1202 *et seq.*)

65.     Boatman re-alleges and incorporates by reference paragraphs 1 through 64 above.

**ANSWER:**     The Kepple Defendants restate their answers to Paragraphs 1 through 64 of the Complaint as if fully set forth herein. .

66.     The Watermark constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3), and (7).

**ANSWER:**     The Kepple Defendants deny each of the allegations in Paragraph 66 of the Complaint.

67.     The Kepple Team, without the authority of Boatman or the law, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false and distributed the Photographs with copyright management information that is false, in violation of 17 U.S.C. § 1202(a).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 67 of the Complaint.

68. As a direct and proximate result of the Kepple Team's wrongful conduct, Boatman has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 68 of the Complaint.

69. Specifically, Boatman is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) for each violative act.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 69 of the Complaint.

70. In the alternative, Boatman is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violative act, and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 70 of the Complaint.

### FIFTH CAUSE OF ACTION

(Removal or Alteration of Copyright Management Information — 17 U.S.C. § 1202 *et seq.*)

71. Boatman re-alleges and incorporates by reference paragraphs 1 through 70 above.

**ANSWER:** The Kepple Defendants restate their answers to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. The Boatman Metadata constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3), and (7).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 72 of the Complaint.

73. Upon information and belief, the Kepple Team, without the authority of Boatman or the law, intentionally removed Boatman's copyright management information and displayed and distributed the Photographs on at least six distinct and separate web sites, knowing that Boatman's copyright management information had been removed and knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 73 of the Complaint.

74. As a direct and proximate result of the Kepple Team's wrongful conduct, Boatman has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 74 of the Complaint.

75. Specifically, Boatman is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2) for each act of removal and display.

**ANSWER:** The Kepple Defendants deny each of the allegations in Paragraph 75 of the Complaint.

76. In the alternative, Boatman is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5).

**ANSWER:**    The Kepple Defendants deny each of the allegations in Paragraph 76 of the Complaint.

## PRAYER FOR RELIEF

The Kepple Defendants deny that Plaintiff is entitled to any of the relief it requests in each of the 20 paragraphs constituting its Prayer for Relief.

## JURY DEMAND

The Kepple Defendants demand a trial by a jury of twelve (12) on all issues so triable.

WHEREFORE, Defendants KEPPLE PREMIER REAL ESTATE, LLC, THE KEPPLE TEAM, LLC and LINDA KEPPLE pray that the Court enter judgment in their favor and against Plaintiff, award it their costs of defending this action, and for such other and further relief as the Court deems appropriate.

THE KEPPLE DEFENDANTS

BY:_____s/ John P. Heil, Jr._____
HEYL, ROYSTER, VOELKER & ALLEN
James J. Manning #6209409
John P. Heil, Jr. #6237286

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Boulevard
P.O. Box 6199
Peoria, Illinois 61601-6199
Telephone 309.676.0400
Facsimile 309.676.3374
jmanning@heylroyster.com
jheil@heylroyster.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 20, 2017, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Central District of Illinois, Peoria Division, using the Court's CM/ECF system, which shall send notification of such filing to the following:

Matthew G. McAndrews
Kyle D. Wallenberg
Niro McAndrews, LLC
200 W. Madison Street, Suite 2040
Chicago, IL 60606
mmcamdrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

s/ John P. Heil, Jr.

31949782